## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

_____

ABDULLAHI WARFA, and
OMAR OMAR, on behalf of
themselves and all others similarly
situated, and on behalf of the                Civil Action No.:
Minnesota Rule 23 Class,
                   Plaintiffs,
vs.

NATIONWIDE EXPRESS, LLC,
and AMAZON LOGISTICS, INC.,

           Defendants.

_____

## COLLECTIVE AND CLASS ACTION COMPLAINT AND DEMAND FOR TRIAL BY JURY

Plaintiffs Abdullahi Warfa, and Omar Omar ("Plaintiffs"), on behalf of themselves and all others similarly situated, and on behalf of members of the proposed Minnesota Rule 23 Class, by and through their attorneys, hereby submit their Collective and Class Action Complaint against Defendants, and allege as follows:

## INTRODUCTION

1.      Plaintiffs bring this action against Nationwide Express, LLC, and Amazon Logistics, Inc., ("Defendants") for unpaid overtime compensation relating to violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et. seq.* and the Minnesota Fair Labor Standards Act, Minn. Stat. § 177.21, *et seq.* ("MFLSA").

2.      Plaintiffs seek unpaid overtime compensation for hours worked over 40 in a workweek under the FLSA.  They bring this claim as a putative collective action under

Section 216(b) of the FLSA, on behalf of themselves and all other delivery drivers who worked for Defendants, through Defendant Nationwide Express, LLC, at any time within three years prior to this Complaint.

3.     Plaintiffs also seek to recover unpaid overtime compensation for hours worked over 48 in a workweek under the MFLSA, Minn. Stat. § 177.25. They bring this claim as a putative class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves and all other delivery drivers who worked for Defendants, through Defendant Nationwide Express, LLC, at any time within three years prior to this Complaint.

## JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. Plaintiffs' claims arise under § 207(a) of the FLSA. Additionally, this Court has personal jurisdiction over Defendants, since Defendants conduct business in the District of Minnesota.

5.     Venue is proper in this District under 28 U.S.C. § 1391(b)(1) as Defendants are domiciled within this District and under 28 U.S.C. § 1391(b)(2), as a substantial part of the events giving rise the claims occurred in this District.

6.     This Court also has supplemental jurisdiction, pursuant to 29 U.S.C. § 1367, over the state law claim, as the state and federal claims derive from a common nucleus of operative fact.

## THE PARTIES

7.      Plaintiff Abdullahi Warfa ("Plaintiff Warfa") is an adult resident of the State of Minnesota.  Plaintiff Warfa was employed as a delivery driver for Defendants, through Defendant Nationwide Express, LLC, from approximately May 2018 to October 1, 2018.

8.      Plaintiff Omar Omar ("Plaintiff Omar") is an adult resident of the State of Minnesota.  Plaintiff Omar works as a delivery driver for Defendants through Defendant Nationwide Express, LLC, since approximately June 2018.

9.      Plaintiffs consent in writing to be a parties to this FLSA action pursuant to 29 U.S.C. § 216(b).  Plaintiffs' Consent Forms are attached as Exhibit "A."  As this case proceeds, it is likely other individuals will sign consent forms and join as plaintiffs.

10.      Defendant Nationwide Express, LLC ("Nationwide Express") is a limited liability company domiciled in Minnesota. Nationwide Express is a courier services company headquartered in Minnesota.

11.      Defendant Amazon Logistics, Inc. ("Amazon Logistics") is a foreign corporation, domiciled in the State of Delaware, but conducting business in the State of Minnesota and within the jurisdiction of this Court.  According to its website, Amazon Logistics, Inc. is Amazon's franchise model for a courier delivery service.  Unlike its other delivery methods that focus on partnering with pre-existing companies and private individuals, Amazon Logistics claims to increase delivery capacity through partnerships with "entrepreneurs" to help set up small delivery companies specifically for delivering Amazon packages. It claims that this provides technology and operational support to individuals with little to no logistics experience.

3

## COVERAGE UNDER THE FLSA

12.     Upon information and belief, Defendants each have annual gross volume of sales made or business done of $500,000 or greater in accordance with 29 U.S.C. § 203(s)(1)(A)(ii).

13.     Plaintiffs are "employees" of Defendants within the meaning of the FLSA and was engaged in interstate commerce as defined by 29 U.S.C. § 206(a) and § 207(a)(1).

14.     Defendants are covered employers as defined by 29 U.S.C. § 203(d).

15.     Defendants have employed two or more persons, including Plaintiffs, who are or were "engaged in commerce or in the production of goods for commerce," or have had "employees handling, selling, or otherwise working on goods or materials that have been moved and/or produced for commerce by any person," as defined by 29 U.S.C. § 203(s)(1)(A)(i).

16.     Defendants' workers, including Plaintiffs and all similarly situated delivery drivers, are subject to the provisions of 29 U.S.C. § 206.

17.     Plaintiffs allege that Defendants' uniform payroll practice of paying a day rate only, and no overtime premium, deprives Plaintiffs and those similarly situated of compensation in violation of the FLSA.

## COLLECTIVE AND CLASS ACTION DEFINITIONS

18.     The group of similarly situated employees sought to be certified under the FLSA, 29 U.S.C. § 216(b), as a collective action is defined as:

> All delivery drivers who performed services for Defendants through
> Nationwide Express at any time within three years prior to the filing
> of the Complaint (the "FLSA Collective").

4

19.     The class of similarly situated employees sought to be certified under Fed.

R. Civ. P. 23(a) and 23(b) as a class action under the MFLSA is defined as:

> All delivery drivers who performed services for Defendants through
> Nationwide Express in Minnesota at any time within three years prior
> to the filing of the Complaint (the "Minnesota Rule 23 Class").

## FACTUAL ALLEGATIONS

20.     Plaintiffs have worked for Defendants as delivery drivers, delivering

packages to customers containing merchandise purchased on amazon.com.

21.     Plaintiffs' job duties, and the job duties of other similarly situated delivery

drivers include, but are not limited to: waiting in line at Amazon Logistics for assignment

from Amazon Logistics of a delivery route; assignment of an Amazon "Rabbit" device,

which is a GPS-powered navigation delivery itinerary and package scanning device;

waiting for assignment of a company vehicle; loading packages at Amazon Logistics'

warehouse into a van; logging into the Amazon Flex app on the Rabbit; driving a company

provided vehicle to make deliveries to Amazon customers; completing delivery routes

assigned and dictated by Amazon Logistics; scanning and tracking packages for Amazon

Logistics using the Rabbit; taking photographs on the Rabbit of packages left at locations;

returning to the Amazon Logistics warehouse to return and report undelivered packages to

Amazon Logistics dispatchers and Nationwide Express dispatchers; and returning,

refueling, and subjecting the company vehicle to inspection.

22.     Plaintiffs typically started their work day at approximately 8:30 a.m. and

ended their work day at approximately 7:30 p.m. or later each day.

23.     Prior to beginning their delivery routes, Plaintiffs are required to report to the Amazon Delivery Station ("Warehouse") at 8:30 a.m. Plaintiffs and all similarly situated delivery drivers typically sign in on a paper form.

24.     Plaintiffs and all similarly situated delivery drivers are required to wait in line for distribution of a company van, Amazon "Rabbit" GPS device, and pre-assigned route sheets.

25.     Route sheets display the designated delivery route for the day, and the number of packages assigned for each route.  Route sheets are generated by Amazon Logistics.

26.     Delivery drivers load the vans at the Amazon Logistics warehouse.

27.     After loading the vans, drivers log into the Amazon Flex app, located on the "Rabbit" device.  Drivers enter the mileage on their vehicles before they start their route, confirm package totals, and begin their routes.

28.     The Amazon Flex app displays the current address, tracks routes and speed of the delivery, and performs other delivery-related functions, such as displaying a navigation screen with a driving time estimate and choosing the route.

29.     When making deliveries, delivery drivers scan the packages and record details regarding the delivery in the Amazon Flex app.

30.     Deliveries that are completed are time stamped on the Amazon Rabbit device, including but not limited to, the first and last delivery time and location.

31.     At the end of the route, delivery drivers return to the warehouse to refuel the company vans, undergo vehicle inspections, and return packages that they were unable to deliver.

32.     The daily routes Defendants assigned and expected delivery drivers to complete routinely took more than 8 hours, oftentimes taking Plaintiffs 11 or more hours per day.

33.     Plaintiffs workweeks have routinely ranged from 50 to 60 hours and have at times exceeded 70 or more hours worked for Defendants.

34.     Plaintiff Warfa routinely worked more than 40 and 48 hours in a workweek. For example, during September 2 to September 8, 2018 he worked approximately 77 hours.

35.     Plaintiff Omar routinely worked more than 40 and 48 hours in a workweek. For example, during July 23 to July 30, 2018 he worked approximately 65 hours.

36.     Defendants paid Plaintiffs (and others similarly situated) on a day rate (e.g., $170 per day), and did not compensate them with any overtime compensation during these workweeks, or in any other workweeks.

37.     Defendants were aware that Plaintiffs and other delivery drivers routinely worked over 40 and/or 48 hours per week and were not paid overtime, because Defendants scheduled and required Plaintiffs to complete routes that often took time.  Defendants were also aware of the hours Plaintiffs and the similarly situated delivery drivers worked because the Amazon Flex app tracked deliveries.

38.     Plaintiff Warfa also complained to Defendant Nationwide Express regarding its failure to pay him properly for his overtime hours worked.

## COLLECTIVE ACTION ALLEGATIONS

39.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

40.      Pursuant to the FLSA, 29 U.S.C. § 216(b), Plaintiffs bring Count I individually and on behalf and all similarly situated individuals.

41.     Pursuant to the FLSA, 29 U.S.C. § 207, employers are generally required to pay overtime compensation at an hourly rate of 1.5 times an employee's regular rate of pay for hours worked over forty (40) in a workweek.

42.     Defendants have engaged in a pattern of violating the FLSA, by failing to pay delivery drivers overtime compensation as required by law.

43.     Defendants knowingly, willfully, or in reckless disregard of the law, maintained an illegal practice of failing to pay Plaintiffs and those similarly situated proper overtime compensation for all hours worked over forty (40).

## MINNESOTA RULE 23 CLASS ACTION ALLEGATIONS

44.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

45.     Pursuant to Fed. R. Civ. P. 23(a) and 23(b), Plaintiffs bring Count II individually and on behalf of the Minnesota Rule 23 Class for violations of the MFLSA.

46.     The persons in the Minnesota Rule 23 Class are so numerous that joinder of all members is impracticable.  While the precise number of class members has not been determined at this time, on information and belief, at least 50 individuals provided services as delivery drivers for Defendants through Nationwide Express during the applicable

statute of limitations period.  Plaintiffs and the proposed Minnesota Rule 23 Class have been equally affected by Defendants' violations of law.

47.     There are questions of law and fact common to the proposed Minnesota Rule 23 Class that predominate over and questions solely affecting individual members of the proposed Minnesota Rule 23 Class, including but not limited to the following:

   a.   Whether Defendants violated Minnesota law for failure to pay all overtime wages due and owing;

   b.   The proper measure and calculation of damages; and

   c.   Whether Defendants actions were willful or in good faith.

48.     Plaintiffs' claims are typical of those members of the Minnesota Rule 23 Class.  Plaintiffs, like other members of the proposed Minnesota Rule 23 Class, were subject to Defendants' practices and policies described in this Complaint.  Further, Plaintiffs' job duties are typical of the Minnesota Rule 23 Class, as all class members are or were delivery drivers.

49.     Plaintiffs will fairly and adequately protect the interest of the proposed Minnesota Rule 23 Class and have retained counsel experienced in complex wage and hour class and collective action litigation.

50.     This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(3) because questions of law or fact predominate over any questions affecting individual class members, and a class action is superior to other methods in order to ensure a fair an efficient adjudication of this controversy because, in the context of wage and hour litigation, individual plaintiffs often lack the financial resources to vigorously prosecute

separate lawsuits in federal court against large corporate defendants.  Class litigation is also superior because it will preclude the need for unduly duplicative litigation resulting in inconsistent judgments pertaining to Defendants' policies and practices.  There do not appear to be any difficulties in managing this class action.

51.    Plaintiffs intend to send notice to all members of the proposed Minnesota Rule 23 Class to the extent required by Fed. R. Civ. P. 23.

## COUNT I – VIOLATION OF THE FAIR LABOR STANDARDS ACT FOR FAILURE TO PAY OVERTIME COMPENSATION
### 29 U.S.C. § 201, *et seq.*

*On Behalf of Plaintiffs and the FLSA Collective*

52.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

53.    The FLSA, 29 U.S.C. § 207, requires employers to pay non-exempt employees 1.5 times the regular rate of pay for all hours worked over forty (40) per workweek.

54.    Defendants suffered and permitted Plaintiffs and the FLSA Collective to routinely work more than forty (40) hours in a workweek without proper overtime compensation as required by the FLSA, 29 U.S.C. § 201 *et seq.*

55.    Defendants knew or showed reckless disregard for the fact that they failed to pay these individuals overtime compensation, constituting a willful violation of the FLSA.

56.    Defendants' failure to comply with the FLSA overtime protections caused Plaintiffs and the FLSA Collective to suffer loss of wages and interest thereon.

57.     Plaintiffs and the FLSA Collective are entitled to unpaid overtime, liquidated damages, and attorney's fees and costs under the FLSA.

## COUNT II – VIOLATION OF THE MINNESOTA FAIR LABOR STANDARDS ACT FOR FAILURE TO PAY OVERTIME WAGES
### Minn. Stat. § 177.21, *et seq.*
### *On Behalf of Plaintiffs and the Proposed Minnesota Rule 23 Class*

58.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

59.     Plaintiffs and the proposed Minnesota Rule 23 Class were or are employees of Defendants within the meaning of the MFLSA, Minn. Stat. §§ 177.23 and 177.24.

60.     Defendants are or were the employers of Plaintiffs and the proposed Minnesota Rule 23 Class within the meaning of the MFLSA, Minn. Stat. §§ 177.23 and 177.24.

61.     The MFLSA, Minn. Stat. § 177.25, requires employers to pay non-exempt employees 1.5 times the regular rate of pay for all hours worked over forty-eight (48) per workweek.

62.     Defendants suffered and permitted Plaintiffs and Minnesota Rule 23 Class to routinely work more than forty-eight (48) hours in a workweek without proper overtime compensation as required by the MFLSA.

63.     Defendants knew or showed reckless disregard for the fact that they failed to pay these individuals overtime compensation, constituting a willful violation of the MFLSA.

64.     Defendants' failure to comply with the MFLSA overtime protections caused Plaintiffs and the Minnesota Rule 23 Class to suffer loss of wages and interest thereon.

65.     Plaintiffs and the Minnesota Rule 23 Class are entitled to unpaid overtime, liquidated damages, and attorney's fees and costs under the MFLSA.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, on behalf of themselves and the proposed FLSA Collective, pray for relief as follows:

1.     Certification of a collective action under § 216(b) of the FLSA and permitting notice to the putative plaintiffs to ensure their claims are not lost to the statute of limitations;

2.     Judgment against Defendants for violation of the overtime provisions of the FLSA;

3.     Judgment against Defendants for an amount equal to Plaintiffs' and the FLSA Collective's unpaid overtime wages, and liquidated damages;

4.     Judgment finding that Defendants' violations of the FLSA were willful;

5.     An award of any pre- and post-judgment interest;

6.     An award of reasonable attorneys' fees and costs;

7.     Leave to add additional plaintiffs and/or state law claims by motion, the filing of written consent forms, or any other method approved by the Court; and

8.     Such further relief as may be appropriate.

**WHEREFORE**, Plaintiffs as class representatives, on behalf of themselves and the proposed Minnesota Rule 23 Class, pray for relief as follows:

1.      Certification of a class action pursuant to Fed. R. Civ. P. 23 on behalf of the proposed Minnesota Rule 23 Class;

2.      The appointment of Plaintiffs as class representatives and their counsel as class counsel;

3.      Judgment against Defendants for violation of the overtime provisions of the MFLSA;

4.      Judgment against Defendants for an amount equal to Plaintiffs' and the Minnesota Rule 23 Class's unpaid overtime wages, and liquidated damages;

5.      Judgment finding that Defendants' violations of the MFLSA were willful;

6.      An award of any pre- and post-judgment interest;

7.      An award of reasonable attorneys' fees and costs; and

8.      Such further relief as may be appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury on all issues so triable.

Dated:  November 5, 2018

Respectfully Submitted:

By */s/ Michele R. Fisher*
Michele R. Fisher, MN Bar No. 303069
fisher@nka.com
Neil D. Pederson, Bar No.0397628
npederson@nka.com
NICHOLS KASTER, PLLP
4600 IDS Center, 80 S. 8th Street
Minneapolis, Minnesota 55402
Telephone: (612) 256-3200

Gregory Walz, MN Bar No. 183891
greg@walzlaw.com
WALZ LAW OFFICE
1411 West Saint Germain, #206
P.O. Box 1794
Saint Cloud, MN 56302
Telephone: (320) 251-5000

ATTORNEYS FOR PLAINTIFFS