# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| ABDULLAHI WARFA, and OMAR OMAR, on behalf of themselves and all others similarly situated, and on behalf of the Minnesota Rule 23 Class,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONWIDE EXPRESS, LLC, and AMAZON LOGISTICS, INC.,<br><br>Defendants. | Case No.: 0:18-cv-03103 (TNL) |

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into by Abdullahi Warfa and Omar Omar ("Named Plaintiffs") individually and on behalf of members of the putative Settlement Classes ("Plaintiffs"), and Nationwide Express, LLC and Amazon Logistics, Inc., ("Defendants"). Plaintiffs and Defendants may be referred to collectively as the "Parties."

WHEREAS, Defendant Amazon Logistics, Inc. is a foreign corporation, domiciled in Delaware that conducts business in Minnesota; and

WHEREAS, Defendant Nationwide Express is a Minnesota limited liability company that provides courier services in Minnesota. Defendant Nationwide Express, LLC began providing courier services for Amazon Logistics, Inc. in approximately May 2018; and

WHEREAS, Plaintiffs worked as delivery drivers providing services for Defendants; and

WHEREAS, Plaintiffs brought this case on behalf of themselves, and other delivery drivers (the "Lawsuit"), alleging violations of the Fair Labor Standards Act ("FLSA") and Minnesota Fair Labor Standards Act ("MFLSA"); and

WHEREAS, Plaintiffs claim that Defendants violated the FLSA and MFLSA by failing to pay them an overtime premium when required to do so under law; and

WHEREAS, bona-fide disputes have arisen between Plaintiffs and Defendants concerning claims for payment of overtime wages, the amount of those alleged overtime wages, the number of hours worked, liquidated damages, and other sums under the FLSA and MFLSA; and

WHEREAS, Defendants deny the allegations, but wish to settle to avoid the expense, diversion, and annoyance of litigation; and

WHEREAS, the Parties now desire to compromise, settle and forever resolve and finally dispose of the claims asserted without further dispute, litigation or other legal proceedings; and

NOW, THEREFORE, in consideration of the foregoing, and the promises and other consideration contained hereinafter, the Parties agree as follows:

1. **TERMS**

    a. **Settlement Amount.** The maximum settlement amount is $205,000.00 (Two Hundred Five Thousand Dollars and No Cents).

    **Allocation of the Settlement Amount.** Plaintiffs' Counsel has provided Defendants with a settlement allocation. The Parties agreed the allocation shall include 198 delivery drivers who performed delivery work for Defendants during the period of May 19, 2018 to March 13, 2019. The computation includes an allocation for Plaintiffs' overtime damages, retaliation damages for Plaintiff Omar Omar, attorneys' fees of one-third of the total maximum settlement amount, and reasonable costs (not to exceed $2,000). As part of the allocations, two payments of $1,500 each, totaling $3,000, shall be allocated to Named Plaintiffs as service payments (the "Service Payments"). Defendants do not oppose the allocations, the above Plaintiffs' Counsel's fees and costs, or the service payments.

    b. **Motion for Settlement Approval.** In addition to drafting this Agreement, Plaintiffs will draft the Motion for Preliminary Settlement Approval and Certification and the Notice of Settlement, and provide them to Defendants by **July 22, 2019**, for Defendants' review and edits. The Parties shall also request, in the Motion, certification for settlement purposes of the Fair Labor Standards Act collective and Rule 23 class consisting of 198 individuals. Defendants will provide Plaintiffs with any edits within **fourteen (14) days** after receipt. By **August 12, 2019**, Plaintiffs shall file the Motion for Preliminary Settlement Approval and Certification with the Court, to be heard by the Court on or about **September 25, 2019**. The Parties shall request in the preliminary approval and certification filing that a hearing date for final approval be set by the Court. Plaintiffs will draft the Motion for Final Settlement Approval and provide it to Defendants for Defendants' review and edits at least **ten (10) days** prior to filing. Plaintiffs shall file the Motion for Final Settlement Approval with the Court within at least **forty-two (42) days**

2

in advance of the final approval hearing set by the Court consistent with the Court's local rules. The substance of Plaintiffs' Counsel's motion for attorneys' fees and costs is not part of this Agreement. The outcome of any proceeding related to Plaintiffs' Counsel's application for attorneys' fees and costs shall not terminate this Agreement. Attorneys' fees and costs sought by Plaintiffs' Counsel but not awarded shall return to the Settlement Fund.

      c.     **Notice of the Settlement Amount.**  Within **three (3) business days** of the Court's approval of the Motion for Preliminary Settlement Approval and Certification, Defendant Nationwide Express, LLC will provide Plaintiffs' Counsel the names, last-known addresses, and last-four digits of social security number (if known) for the 198 individuals included in the settlement.  Within **five (5) business days** of receipt, Plaintiffs will send notice of settlement to all Plaintiffs and class members.  This notice is attached as Exhibit A.  The notice will explain that if they do not opt out of the settlement in writing within **forty-five (45) days**, that they will receive a check within **thirty (30) days** of the Court granting final approval of the settlement.  It will explain that cashing the check within **ninety (90) days** of issuance will opt the individual into the case and result in a release of the claims in Section 2 below.  The notice will also explain their right to object to the settlement in writing and appear at the final approval hearing.  Defendant Nationwide Express, LLC shall also personally distribute the notice to those of the 198 class members who are current employees within **ten (10) days** of the Court's approval of the Motion for Preliminary Settlement Approval and Certification.  Plaintiffs' Counsel, prior to mailing the notice, will use a national change of address type database to ensure the addresses are up to date.  To the extent mail is returned as undeliverable, Defendant Nationwide Express, LLC shall provide last known telephone number and/or email address, and full social security number to Plaintiffs' Counsel within **three (3) days** of request so Plaintiffs' Counsel can either contact the individual to obtain a current address, and/or perform another address search, to resend the notice.

      d.     **Disbursement of Settlement.**  Defendant Nationwide Express, LLC shall make settlement payments by delivering checks to Plaintiffs' Counsel for distribution within **thirty (30) days** of the Court's order granting final approval of the settlement. Defendant Nationwide Express, LLC shall wire or deliver the attorneys' fees and costs payment to Plaintiffs' Counsel at that time as well.  The checks shall be accompanied by a notice explaining the rights released by cashing the checks, and the rights not released by not cashing the check.  See Exhibit B.  The checks will have language printed on the reverse, to be agreed to by the Parties, explaining that cashing the check will opt them into the case and release their claims.  The checks will be void after **ninety (90) days of issuance**.  Defendant Nationwide Express, LLC shall cooperate and promptly handle, at their own expense, any reissuance requests made by Plaintiffs' Counsel on behalf of Plaintiffs during the check cashing period.

3

e.  **Tax Treatment of the Settlement.**  For each Settling Plaintiff, Defendant Nationwide Express, LLC will issue a W-2 for half of the settlement check amount and report the other half of the settlement check amount on IRS Form 1099.  Defendant Nationwide Express, LLC will report the attorneys' fees and costs separately on an IRS Form 1099 to Plaintiffs' Counsel.  Defendant Nationwide Express, LLC will be separately responsible for their share of employer-side payroll taxes.  The two $1,500.00 Service Payments to the Named Plaintiffs shall be reported on an IRS Form 1099.

**2.   RELEASE OF CLAIMS**

By cashing the settlement check, the Settling Plaintiffs will waive and release all federal and all Minnesota state law wage claims they have, or may have brought, against Defendants and Releasees, defined as their present and former affiliates, divisions, members, joint venture partners, subsidiaries, parents, predecessors, any merged entity or merged entities and/or its or their present and former officers, partners, directors, employees, agents, attorneys, shareholders and/or successors, insurers or reinsurers, employee benefit plans (and the trustees, administrators, fiduciaries, agents, representatives, insurers and reinsurers of such plans), assigns, trustees, heirs, administrators, executors, representatives and/or principals thereof, and all persons or entities acting by, through, under, or in concert with any of them, and any individual or entity that could be jointly liable with any of them, for their work performed through Defendant Nationwide Express, LLC from **May 19, 2018 to June 20, 2019**, including, but not limited to: overtime; minimum wage; travel time; recordkeeping; hours of work; and any statutory liquidated damages and attorneys' fees and costs related to the claims released.  Named Plaintiffs (receiving a service award), will execute a general release, and release all claims they have, or may have brought, against Defendants and Releasees.

Plaintiffs' Counsel and Plaintiffs will also irrevocably and unconditionally release, acquit, and forever discharge any claim that they may have against Defendants or Releasees for attorneys' fees or costs associated with Plaintiffs' Counsel's representation of Plaintiffs, the Settlement, or any claims being Released by this Stipulation and related papers specific to this settlement and litigation, only.  Plaintiffs' Counsel further understand and agree that any fee payments approved by the Court will be the full, final, and complete payment of all attorneys' fees and costs associated with Class Counsel's representation of these individuals and/or their representation in the litigation.

Individuals who do not cash their settlement check will not waive or release any claims, and Defendants shall retain any settlement funds allocated to these individuals.

**3.   DISMISSAL OF CLAIMS**

Within **forty-five (45)** days of the expiration of the check cashing period, Defendant Nationwide Express, LLC shall identify those Plaintiffs who cashed their checks.

Plaintiffs' Counsel will provide Defendants with a draft Stipulation for Dismissal within **fifty (50) days** from expiration of the check cashing period. The Parties shall file a Stipulation for Dismissal with the Court within **fifty-five (55)** days of expiration of each check cashing period. In the Stipulation for Dismissal, the Parties will request that those who failed to timely cash their checks will have their potential claims dismissed without prejudice. It will request that those who timely cashed their checks will have their claims dismissed with prejudice.

**4. ADDITIONAL AGREEMENTS**

    a. **No Admission of Liability.** By entering into this Agreement, Defendants do not admit to liability.

    b. **Enforceability of Settlement**. The Parties acknowledge and agree that this Agreement is entered into to settle a bona fide dispute concerning overtime wages and is meant to be a full and final release of these claims and fully enforceable.

    c. **Right to Revoke**. Defendants or Plaintiffs have the right to withdraw from the Settlement at any time prior to the entry of the Order Granting Approval if: (a) the terms of this Agreement construed by the Court are materially different from the Parties' Agreement; or (b) one Party materially breaches the Agreement. Before withdrawing from the Settlement, any Party must give the remaining Parties **fourteen (14) days advanced notice of their intent to withdraw**, the reasons for their intent to withdraw, and provide the remaining Parties an opportunity to cure any alleged breach of the Agreement before any withdrawal. If there is a dispute over whether a Party's withdrawal from the settlement is allowed under this provision, then the dispute shall be decided by the Court.

    d. **Effect of Revocation or Failure to Grant Final Approval**. In the event any Party revokes the Agreement, (i) this Agreement shall have no force or effect; (ii) neither this Agreement, nor any other related papers or orders, nor the negotiations leading to this settlement, shall be cited to, used, or admissible in any judicial, administrative, or arbitral proceeding for any purpose or with respect to any issue, substantive or procedural; (iii) the request for certification of the class and/or collective shall become null and void, and the request for certification shall not be cited to, used, or admissible in any judicial, administrative, or arbitral proceeding for any purpose or with respect to any issue, substantive or procedural; (iv) none of the Parties will be deemed to have waived any claims, objections, defenses, or arguments with respect to the issue of collective or class action certification or the merits of Plaintiffs' claims or any other issue; and (v) the Litigation will continue as if the Agreement had never been entered. If this Agreement is revoked at any time, or otherwise, Defendants agree that they will cooperate with Plaintiffs to move the Court for an order resetting the remaining deadlines.

e. **Duplicate or Repetitive Lawsuits.**  Named Plaintiffs and individuals who cash their checks further covenant they will not participate in any other legal actions against Defendants for claims released by this Settlement, and will not oppose dismissal from those actions.

5. **MISCELLANEOUS**

a. **Choice of Law**.  Any dispute regarding the interpretation or validity or otherwise arising out of this Agreement, or relating to the Lawsuit or the Released Claims, shall be subject to the exclusive jurisdiction of the United States District Court for the District of Minnesota (the "Court") and Magistrate Judge Leung for the purpose of resolving any such dispute.  The Court shall retain jurisdiction solely with respect to the interpretation, implementation and enforcement of the terms of this Agreement and all orders and judgments entered in connection therewith, and the Parties and their counsel submit to the jurisdiction of the Court for the purposes of interpreting, implementing, and enforcing this Agreement and all orders and judgments entered in connection therewith.

b. **Successors/Assigns**.  This Agreement shall be binding upon and the benefits shall inure to the Defendants and their successors and assigns, as well as to the members of the Settlement Class and his/her heirs and representatives.

c. **Court Approval.**  In the event the Court does not approve the Agreement, the Agreement will be null and void, but the Parties shall work together in good faith to reach a mutually acceptable settlement, if possible.

d. **Complete Agreement**.  This Agreement constitutes the entire agreement of the Parties concerning the subjects contained herein, and all prior and contemporaneous negotiations and understandings between the Parties shall be deemed merged into this Agreement.

e. **Multiple Originals**.  This Agreement shall become effective upon its execution, subject to Court approval.  The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if the Parties had signed the same instrument.  Any signature made and transmitted by email or fax for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the signing party.

f. **Authority**.  Each party hereto represents and warrants that he has full authority to bind the party represented.

g. **No Waiver.**  No waiver of any of the terms of this Agreement shall be valid unless in writing and signed by all parties to this Agreement.  The waiver by any party hereto of any provision of this Agreement shall not operate or be construed as a waiver of

any subsequent breach by any party, nor shall any waiver operate or be construed as a rescission of this Agreement.

  h. **Severability**.  Should any provision of this Agreement be declared wholly or partially illegal, invalid, or unenforceable, the offending provision shall be stricken, and all remaining provisions shall remain in full force and effect and shall be unaffected by such declaration.

  i. **Extensions of Time.** If any deadlines related to this Agreement cannot be met, Plaintiffs' Counsel and counsel for Defendants shall meet and confer to reach agreement on any necessary revisions of the deadlines and timetables set forth in this Agreement. In the event that the Parties fail to reach such agreement, any of the Parties may apply to the Court via a noticed motion for modification of the dates and deadlines in this Agreement.

  j. **Arm's Length Transaction; Materiality of Terms.** The Parties have negotiated all the terms and conditions of this Agreement at arm's length. All terms and conditions of this Agreement in the exact form set forth in this Agreement are material to this Agreement and have been relied upon by the Parties in entering into this Agreement.

| PLAINTIFFS AND THE PUTATIVE CLASSES | NATIONWIDE EXPRESS, LLC |
|---|---|
| By: *(signature)* ABDULLAHI WARFA | By: _____ Owner |
| By: _____ OMAR OMAR | By: _____ One of Their Attorneys |
| By: *(signature)* One of Their Attorneys | Keillen Curtis (0388308) CURTIS LAW FIRM, LLC 222 South 9th Street, Suite 1600 Minneapolis, MN 55402 Telephone: (612) 605-7550 k.curtis@ceellaw.com |
| Michele R. Fisher (303069) Neil D. Pederson (0397628) NICHOLS KASTER, PLLP 4600 IDS Center, 80 South 8th Street Minneapolis, MN 55402 Telephone: (612) 256-3200 fisher@nka.com npederson@nka.com | Marcus Jarvis (0317032) MARCUS-JARVIS LAW LIMITED 3621 85th Avenue N, Suite 201 Minneapolis, MN 55443 Telephone: (763) 425-5447 jarvislawfirm@msn.com |
| Gregory Walz (183891) WALZ LAW OFFICE 1411 West Saint Germain, #206 P.O. Box 1794 Saint Cloud, MN 56302 Telephone: (320) 251-5000 greg@walzlaw.com | Attorneys for Nationwide Express, LLC |
| | **AMAZON LOGISTICS, INC.** |
| | By: _____ Company Representative |
| Attorneys for Plaintiffs | By: _____ One of Their Attorneys |
| | Stephanie L. Sweitzer (admitted pro hac vice) Meredith E. Riccio (admitted pro hac vice) MORGAN, LEWIS & BOCKIUS LLP 77 West Wacker Drive, 5th Floor Chicago, IL 60601-5094 Telephone: (312) 324-1000 stephanie.sweitzer@morganlewis.com meredith.riccio@morganlewis.com |

| PLAINTIFFS AND THE PUTATIVE CLASSES | NATIONWIDE EXPRESS, LLC |
|---|---|
| By: _____<br>ABDULLAHI WARFA | By: _____<br>Owner |
| By: _____<br>OMAR OMAR | By: _____<br>One of Their Attorneys |
| By: _____<br>One of Their Attorneys | Keillen Curtis (0388308)<br>CURTIS LAW FIRM, LLC<br>222 South 9th Street, Suite 1600<br>Minneapolis, MN 55402<br>Telephone: (612) 605-7550<br>k.curtis@ceellaw.com |

Michele R. Fisher (303069)
Neil D. Pederson (0397628)
NICHOLS KASTER, PLLP
4600 IDS Center, 80 South 8th Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
fisher@nka.com
npederson@nka.com

Marcus Jarvis (0317032)
MARCUS-JARVIS LAW LIMITED
3621 85th Avenue N, Suite 201
Minneapolis, MN 55443
Telephone: (763) 425-5447
jarvislawfirm@msn.com

Gregory Walz (183891)
WALZ LAW OFFICE
1411 West Saint Germain, #206
P.O. Box 1794
Saint Cloud, MN 56302
Telephone: (320) 251-5000
greg@walzlaw.com

Attorneys for Nationwide Express, LLC

**AMAZON LOGISTICS, INC.**

By: _____
    Company Representative

By: _____
    One of Their Attorneys

Attorneys for Plaintiffs

Stephanie L. Sweitzer (admitted pro hac vice)
Meredith E. Riccio (admitted pro hac vice)
MORGAN, LEWIS & BOCKIUS LLP
77 West Wacker Drive, 5th Floor
Chicago, IL 60601-5094
Telephone: (312) 324-1000
stephanie.sweitzer@morganlewis.com
meredith.riccio@morganlewis.com

| | |
|---|---|
| **PLAINTIFFS AND THE PUTATIVE CLASSES**<br><br>By: _____<br>　　ABDULLAHI WARFA<br><br>By: _____<br>　　OMAR OMAR<br><br>By: _____<br>　　One of Their Attorneys<br><br>Michele R. Fisher (303069)<br>Neil D. Pederson (0397628)<br>NICHOLS KASTER, PLLP<br>4600 IDS Center, 80 South 8th Street<br>Minneapolis, MN 55402<br>Telephone: (612) 256-3200<br>fisher@nka.com<br>npederson@nka.com<br><br>Gregory Walz (183891)<br>WALZ LAW OFFICE<br>1411 West Saint Germain, #206<br>P.O. Box 1794<br>Saint Cloud, MN 56302<br>Telephone: (320) 251-5000<br>greg@walzlaw.com<br><br>*Attorneys for Plaintiffs* | **NATIONWIDE EXPRESS, LLC**<br><br>By: *[signature]*<br>　　Owner<br><br>By: *[signature: Keillen Curtis]*<br>　　One of Their Attorneys<br><br>Keillen Curtis (0388308)<br>CURTIS LAW FIRM, LLC<br>222 South 9th Street, Suite 1600<br>Minneapolis, MN 55402<br>Telephone: (612) 605-7550<br>k.curtis@ceellaw.com<br><br>Marcus Jarvis (0317032)<br>MARCUS-JARVIS LAW LIMITED<br>3621 85th Avenue N, Suite 201<br>Minneapolis, MN 55443<br>Telephone: (763) 425-5447<br>jarvislawfirm@msn.com<br><br>*Attorneys for Nationwide Express, LLC*<br><br>**AMAZON LOGISTICS, INC.**<br><br>By: _____<br>　　Company Representative<br><br>By: _____<br>　　One of Their Attorneys<br><br>Stephanie L. Sweitzer (*admitted pro hac vice*)<br>Meredith E. Riccio (*admitted pro hac vice*)<br>MORGAN, LEWIS & BOCKIUS LLP<br>77 West Wacker Drive, 5th Floor<br>Chicago, IL  60601-5094<br>Telephone: (312) 324-1000<br>stephanie.sweitzer@morganlewis.com<br>meredith.riccio@morganlewis.com |

| PLAINTIFFS AND THE PUTATIVE CLASSES | NATIONWIDE EXPRESS, LLC |
|---|---|
| By: _____<br>     ABDULLAHI WARFA | By: _____<br>     Owner |
| By: _____<br>     OMAR OMAR | By: _____<br>     One of Their Attorneys |
| By: _____<br>     One of Their Attorneys | |

Michele R. Fisher (303069)
Neil D. Pederson (0397628)
NICHOLS KASTER, PLLP
4600 IDS Center, 80 South 8th Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
fisher@nka.com
npederson@nka.com

Gregory Walz (183891)
WALZ LAW OFFICE
1411 West Saint Germain, #206
P.O. Box 1794
Saint Cloud, MN 56302
Telephone: (320) 251-5000
greg@walzlaw.com

*Attorneys for Plaintiffs*

Keillen Curtis (0388308)
CURTIS LAW FIRM, LLC
222 South 9th Street, Suite 1600
Minneapolis, MN 55402
Telephone: (612) 605-7550
k.curtis@ceellaw.com

Marcus Jarvis (0317032)
MARCUS-JARVIS LAW LIMITED
3621 85th Avenue N, Suite 201
Minneapolis, MN 55443
Telephone: (763) 425-5447
jarvislawfirm@msn.com

*Attorneys for Nationwide Express, LLC*

**AMAZON LOGISTICS, INC.**

By: _____/s/ Madan_____
     Company Representative

By: _____/s/_____
     One of Their Attorneys

Stephanie L. Sweitzer (*admitted pro hac vice*)
Meredith E. Riccio (*admitted pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
77 West Wacker Drive, 5th Floor
Chicago, IL 60601-5094
Telephone: (312) 324-1000
stephanie.sweitzer@morganlewis.com
meredith.riccio@morganlewis.com

Bryan R. Browning (388885)
Jonathan P. Norrie (347309)
Brittany B. Skemp (395227)
BASSFORD REMELE
100 South 5th Street, Suite 1500
Minneapolis, MN 55402-1254
Telephone: (612) 333-3000
bbrowning@bassford.com
jnorrie@bassford.com
bskemp@bassford.com

Attorneys for Amazon Logistics, Inc.