UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Abdullahi Warfa and Omar Omar, on behalf of themselves and all others similarly situated, and on behalf of the Minnesota Rule 23 Class,

Plaintiffs,

v.

Nationwide Express, LLC, and Amazon Logistics, Inc.,

Defendants,

Case No. 18-cv-3103 (TNL)

**ORDER**

---

Gregory S. Walz, Walz Law Office, 1411 West St. Germain Street, Suite 206, St. Cloud, MN 56302 and Michele R. Fisher and Neil Daniel Pederson, Nichols Kaster, PLLP, 80 South Eighth Street, Suite 4600, Minneapolis, MN 55402 (for Plaintiffs);

Keillen V. Curtis, Curtis Law Firm, 222 South Ninth Street, Suite 1600, Minneapolis, MN 55402 and Marcus A. Jarvis, Marcus-Jarvis Law Limited, 3621 85th Avenue North, Suite 201, Brooklyn Park, MN 55443 (for Defendant Nationwide Express, LLC); and

Brittany B. Skemp, Bryan R. Browning, and Jonathan P. Norrie, Bassford Remele, PA, 100 South Fifth Street, Suite 1500, Minneapolis, MN 55402 and Meredith Riccio and Stephanie L. Sweitzer, Morgan Lewis and Bockius LLP, 77 West Wacker Drive, Chicago, IL 60601 (for Defendant Amazon Logistics, Inc.).

---

This matter is before the Court on Plaintiffs' Unopposed Motion for Conditional and Class Certification and Preliminary Approval of Settlement. (ECF No. 36). The parties have consented to this Court's jurisdiction pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. The Court has reviewed and considered all papers filed in connection with the

1

motion. Based on the filings, record, and pleadings in this matter, it is **HEREBY**

**ORDERED AS FOLLOWS:**

I. Plaintiffs' Unopposed Motion for Conditional and Class Certification and Preliminary Approval of Settlement (ECF No. 36) is **GRANTED**.

II. Pursuant to Fed. R. Civ. P. 23(e), for settlement purposes, only, the Court certifies Plaintiffs claim for unpaid overtime under the Minnesota Fair Labor Standards Act, Minn. Stat. § 177.21 *et seq.*, as a class action on behalf of the following:

> All delivery drivers who performed services for Defendants through Nationwide Express, LLC at any time during the period of May 19, 2018 to March 13, 2019.

III. In support of this settlement group, the Court finds that:

   a. The undisputed class of 198 individuals satisfies the numerosity requirement of Fed. R. Civ. P. 23(a)(1);

   b. There are several important questions of law common to all the class including whether Defendants are liable to Plaintiffs as joint employers, whether Defendants violated Minnesota law for failing to pay Plaintiffs overtime wages, whether Defendants' conduct was in good faith, and the proper measure of damages, and these common questions of law that satisfy the commonality requirement of Fed. R. Civ. P. 23(a)(2);

   c. Named Plaintiffs Abdullahi Warfa's and Omar Omar's claims emanate from the same conduct of Defendants as those giving rise to the claims of the class members, and their claims are typical of the claims of the class members and satisfy the typicality requirement of Fed. R. Civ. P. 23(a)(3);

   d. Warfa and Omar have been involved and can fairly and adequately represent the interests of the class members under the requirements of Fed. R. Civ. P. 23(a)(4);

   e. Warfa and Omar's counsel are experienced in representing workers in wage and hour class and collective actions and can fairly and adequately represent the interests of the class;

   f. Questions common to the class predominate over any individual claims and resolving the common questions through a class action is preferable to doing

so through litigation of 198 individual cases, satisfying the requirements of Fed. R. Civ. P. 23(b)(3); and

g. Because Named Plaintiffs Warfa and Omar are similarly situated, and because their interests are typical of the class, they can fairly and adequately represent the class as Class Representatives.

IV. Pursuant to 29 U.S.C. § 216(b), for settlement purposes only, the Court also certifies this lawsuit as a collective action for unpaid overtime under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* on behalf of the following:

> All delivery drivers who performed services for Defendants through Nationwide Express, LLC at any time during the period of May 19, 2018 to March 13, 2019.

V. In support of this settlement group, the Court finds that:

a. Plaintiffs have shown a colorable basis for the claim that the putative collective members were victims of a single policy or plan;

b. The factual and employment settings of individual collective members do not detract from the commonalities of their claims;

c. The defenses available to Defendants do not appear to be so individualized as to warrant denial of certification; and

d. It is most efficient, effective, and fair to grant relief through the mechanism of a collective action.

VI. Because the class and collective actions are certified for the purposes of settlement, should the settlement not become effective, this Order certifying the class and collective actions shall be vacated and the parties shall return to the positions they held prior to the entry of this Order. Nothing in this Order shall be construed or used as an admission, concession, or presumption by or against the released parties, the plaintiff, or the settlement group members.

VII. The Court has conducted a preliminary review of the details of the proposed settlement agreement, including information regarding distribution of the settlement value, the mechanisms for notifying and paying class and collective members, the percentage of anticipated recovery, attorney's fees, costs, service payments, and payments related to alleged retaliation by Omar. The Court preliminarily finds that the settlement is "fair, reasonable, and adequate." Rule 23(e)(2); *see also Netzel v. West Shore Group, Inc.*, 16-cv-2552 (RHK/LIB), 2017 WL 1906955, at *2 (D.

Minn. May 5, 2017) (considering an FLSA settlement). The Court will further address these issues at the final approval hearing, as discussed below.

VIII. Having considered the factors set forth in Fed. R. Civ. P. 23(g)(1), and having found Michele R. Fisher and Neil D. Pederson of the law firm of Nichols Kaster, PLLP to be adequate and qualified to represent the class, the Court appoints Michele R. Fisher and Neil D. Pederson of Nichols Kaster, PLLP and their firm as class counsel to represent the settlement group.

IX. The Court finds that the distribution of the settlement notices substantially in the manner and form set forth in the settlement agreement and Exhibits A (ECF No. 45-1) and B (ECF No. 45-2), meets the requirements of due process, is the best notice practicable under the circumstances, and constitutes due and sufficient notice to all persons entitled to receive notice. The Court directs the parties to mail the notice on or before **October 24, 2019**.

X. Because of the structure of the settlement, class and collective members who do not wish to be included in the settlement class need not submit any statement of exclusion. They may opt out by declining to cash the settlement check they receive in the mail. But any class or collective member who wishes to object to the proposed settlement or appear at the final approval hearing and show cause why the proposed settlement should not be approved as fair, adequate, reasonable, and in the settlement groups' best interests, or why this Court should not enter final judgment must do so according to the following procedure:

   a. The individual must send a notice of intent to object to the settlement to class counsel. The notice must contain:

      i. The caption of the case: *Warfa, et al. v. Nationwide Express, LLC, et al.*, Case No. 18-cv-3103 (TNL);

      ii. The name, address, telephone number, and signature of the individual filing the intent to object;

      iii. A detailed explanation of the individual's specific objections and the grounds therefor; and

      iv. Any documents the individual wishes the Court to consider in association with the objection. The notice of intent to object must be emailed or mailed to class counsel at the following address on or before **December 16, 2019**:

Michele R. Fisher
Neil Pederson
Nichols Kaster, PLLP
80 South 8th Street, Suite 4600
Minneapolis, MN 55402
Email: intake@nka.com

XI. Any person who fails to object in the above-described manner shall be deemed to have waived any objections.

XII. By **January 6, 2020**, Plaintiffs will file a letter with the Court supplementing the Memorandum of Law in Support of Unopposed Motion for Conditional and Class Certification and Preliminary Approval of Settlement. Plaintiffs need only supplement the previously filed memorandum to the extent new issues or information arises regarding the fairness, adequacy, or reasonableness of the settlement, but shall update the Court as to whether any objections or requests for exclusion were received. Plaintiffs shall also file a proposed order for final approval, as well as the requests for exclusion and objections to the Court at that time.

XIII. The Court will hold a final approval hearing in Courtroom 9W of the U.S. Courthouse, 300 South Fourth Street, Minneapolis, Minnesota, on **January 13, 2020** at **10:00 a.m.** This hearing is subject to adjournment or continuance by the Court.

XIV. Between the entry of this Order and the entry of the order following the final approval hearing, all class and collective members shall be barred from asserting against the defendant any claims described in paragraph two of the settlement agreement, provided the Court approves the proposed settlement.

XV. Upon the entry of final judgment, Warfa, Omar, and the class and collective members who opted into the settlement by the means proposed in the settlement agreement shall be forever barred from asserting against the defendant any claims described in paragraph two of the settlement agreement, and shall be deemed to have released any and all such claims.

XVI. Only those class and collective members who opted into the settlement by the means proposed in the settlement agreement shall be entitled to the settlement benefits.

XVII. Nothing in this Order shall be construed or used as an admission, concession, or presumption by or against the released parties, the plaintiff, or the class and collective members.

5

XVIII. The parties are ordered to take all reasonable steps needed to comply with the following timeline:

| Accomplish mailing of notice due | **October 24, 2019** |
|---|---|
| Objections and requests for exclusion due to class counsel | **December 16, 2019** |
| Requests for exclusion and objections due to Court and defense counsel; letter supporting previously filed memorandum due | **January 6, 2020** |
| Final Approval Hearing | **January 13, 2020 at 10:00 a.m.** |

**IT IS SO ORDERED.**

Date: September 27, 2019

*s/ Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*Warfa, et al. v. Nationwide Express, LLC, et al.*
Case No. 18-cv-3103 (TNL)

# Exhibit A

UNITED STATES DISTRICT COURT – DISTRICT OF MINNESOTA

# Notice of Settlement

*If you worked as a package delivery driver through Nationwide Express, LLC, a proposed class and collective action settlement may affect your rights.*

**A U.S. FEDERAL COURT HAS AUTHORIZED THIS NOTICE.**
*YOU ARE NOT BEING SUED*.

You are receiving this notice because you were identified as eligible to participate in a settlement of a class and collective action lawsuit. The lawsuit was brought by delivery drivers ("Plaintiffs") against Nationwide Express, LLC and Amazon Logistics, Inc. ("Defendants"). The lawsuit is called: *Warfa vs. Nationwide Express, LLC, and Amazon Logistics, Inc.*, 0:18-cv-03103 (TNL). The case is before Magistrate Judge Tony N. Leung in the United States District Court for the District of Minnesota.

Plaintiffs brought this lawsuit on behalf of delivery drivers who worked as package delivery drivers through Nationwide Express, LLC since May 19, 2018. The lawsuit alleges that Defendants failed to pay proper overtime compensation for hours worked over 40 per workweek under the federal Fair Labor Standards Act ("FLSA") and for hours worked over 48 per workweek under the Minnesota Fair Labor Standards Act ("MFLSA"). Defendants deny these allegations, and Amazon Logistics, Inc. specifically denies that it is or was Plaintiffs' employer or joint employer. Rather than continue to litigate these matters, Plaintiffs and Defendants have reached a settlement in the amount of $205,000.00 available to 198 Plaintiffs.

This Notice serves to inform you that if you do not opt out of the settlement in writing by December 16, 2019, you will receive a settlement check, which represents your share of the settlement, in the amount of [**$XXXX**]. You need only to cash the settlement check to participate in the settlement and nothing more.

**1.      How Was My Settlement Calculated?**
Damages were calculated using a combination of Defendant Nationwide Express, LLCs' payroll and time data and delivery time recorded on Defendant Amazon Logistics, Inc.'s "Rabbit" devices, along with information from Plaintiffs. Plaintiffs used the daily Rabbit data for each person and then added 1.5 hours of additional time in the morning and .5 hours of additional time at the end of the day for tasks performed before and after. Plaintiffs then calculated the resulting overtime compensation owed to each person when those hours for the week exceeded 40 under the FLSA and 48 under the MFLSA at a rate of 0.5x a person's regular rate of pay. The total overtime wage loss calculated for Plaintiffs was $127,740.50. After deducting attorneys' fees of $68,333.33, litigation costs of $1,778.45, an allocation of $4,000.00 for Named Plaintiff Omar Omar's workplace retaliation claim, and $1,500 service payments for each of the two Named Plaintiffs, a total of $127,888.22 is available to distribute to Plaintiffs to pay just over the full value of their overtime calculated. Each class member will receive a check for approximately 100% of their unpaid overtime wages. If the damages calculation resulted in a finding of no overtime hours worked, then that Plaintiff will receive zero dollars under the settlement.

**2.      What Happens if I Cash My Settlement Check?**
If you cash the settlement check: (1) you will be consenting to join the action and settlement; (2) you will waive and release all federal and Minnesota state wage and hour law claims you have, or may have brought, against Defendants, from May 19, 2018 to June 20, 2019, including but not limited to: overtime, minimum wage, travel time, recordkeeping, hours of work, and any statutory liquidated damages and attorneys' fees and costs related to the claims released ("Released Claims"); (3) you will be bound by the terms and conditions of the settlement as to your Released Claims; and (4) you will give up the right to sue the Defendants for your Released Claims. You must cash your settlement check **within 90 days of issuance** to participate in the settlement.

### 3. What Happens if I Do Not Cash My Settlement Check?

If you do not cash your settlement check you will not release any claims you may have against Defendants. This means that you keep any right to file or proceed with a lawsuit against Defendants. If you wish to start your own lawsuit against Defendants, you will have to represent yourself or hire and pay your own lawyer for that lawsuit and prove your own claims. If you choose to do so, you should talk to your own lawyer soon because your claims may be subject to a statute of limitations.

### 4. How Do I Object or Request Exclusion From the Settlement?

If you wish to object to the settlement, you must submit your objection in writing by U.S. Mail or by e-mail to class counsel identified in Section 6 by December 16, 2019, stating "I have an objection to the *Warfa v. Nationwide Express, LLC and Amazon Logistics, Inc.* lawsuit" and explaining the reason for your objection. You may appear at the final approval hearing but are not required to do so. The court will consider your objection, but may approve the settlement regardless, which means you will be bound by the settlement and will receive a settlement check.

In the alternative, you may choose to be excluded from the case and settlement entirely by submitting the following statement via U.S. Mail or e-mail to class counsel identified in Section 6: "I request to be excluded from the *Warfa v. Nationwide Express, LLC and Amazon Logistics, Inc.* lawsuit." You must submit this statement by December 16, 2019. If you timely request exclusion, you will not be included in the case or settlement. This means that you keep any right to file or proceed with a lawsuit against Defendants. If you wish to start your own lawsuit against Defendants, you will have to represent yourself or hire and pay your own lawyer for that lawsuit and prove your own claims. If you choose to do so, you should talk to your own lawyer soon because your claims may be subject to a statute of limitations.

### 5. Where and When is the Final Approval Hearing?

The Honorable Judge Tony Leung will hold a final approval hearing on **January 13, 2020, at 10 a.m., at the United States District Court, 300 South Fourth Street, 9W Courthouse, Minneapolis, Minnesota 55415**. You are not required to attend this hearing but may do so if you choose. This date and time may be subject to change.

### 6. Do I Have A Lawyer Representing My Interests in This Case?

Yes. The following attorneys are Class Counsel:

Michele R. Fisher
Neil Pederson
Nichols Kaster, PLLP
4600 IDS Center, 80 South Eighth Street
Minneapolis, Minnesota 55402
Email: intake@nka.com
Phone: 1-877-448-0492
Fax: 612-215-6870
Case webpage: https://www.nka.com/cases-and-investigations/cases/employment-cases/nationwide-express-llc.html

### 7. Where Do I Get More Information?

If you want additional information or have questions, you may call or write Class Counsel at the address and telephone number listed above or visit the case webpage. The specific terms of the settlement have also been filed with the Court. You can look at and copy these documents at any time during regular office hours at Clerk of the Court, United States District Court, District of Minnesota, 300 South Fourth Street, Minneapolis, Minnesota 55415. If you have a Public Access to Court Electronic Records ("PACER") account, you may view the documents on the Court's Case Management/Electronic Court Filing website: www.pacer.gov.

# Exhibit B

UNITED STATES DISTRICT COURT – DISTRICT OF MINNESOTA

# Notice of Settlement

*If you worked as a package delivery driver through Nationwide Express, LLC, a proposed class and collective action settlement may affect your rights.*

**A U.S. FEDERAL COURT HAS AUTHORIZED THIS NOTICE.**

*YOU ARE NOT BEING SUED.*

You previously received a notice informing you that you were eligible to participate in a settlement of a class and collective action lawsuit. The lawsuit was brought by delivery drivers ("Plaintiffs") against Nationwide Express, LLC and Amazon Logistics, Inc. ("Defendants"). The lawsuit is called: *Warfa vs. Nationwide Express, LLC, and Amazon Logistics, Inc.*, 0:18-cv-03103 (TNL). The case is before Magistrate Judge Tony N. Leung in the United States District Court for the District of Minnesota.

As the previous notice indicates, Plaintiffs brought this lawsuit on behalf of delivery drivers who worked as package delivery drivers through Nationwide Express, LLC since May 19, 2018. The lawsuit alleges that Defendants failed to pay proper overtime compensation for hours worked over 40 per workweek under the federal Fair Labor Standards Act ("FLSA") and for hours worked over 48 per workweek under the Minnesota Fair Labor Standards Act ("MFLSA"). Defendants deny these allegations, and Amazon Logistics, Inc. specifically denies that it is or was Plaintiffs' employer or joint employer. Rather than continue to litigate these matters, Plaintiffs and Defendants have reached a settlement in the amount of $205,000.00 available to 198 Plaintiffs.

The previous notice informed you that if you did not request to be excluded from the settlement, you would receive a settlement check representing your share of the settlement. The settlement has now been approved by the Court and your check is enclosed here. You need only to cash the settlement check to participate in the settlement.

**1. How Was My Settlement Calculated?**

Damages were calculated using a combination of Defendant Nationwide Express, LLCs' payroll and time data and delivery data recorded on Defendant Amazon Logistics, Inc.'s "Rabbit" devices, along with information from Plaintiffs. Plaintiffs used the daily Rabbit data for each person and then added 1.5 hours of additional time in the morning and .5 hours of additional time at the end of the day for tasks performed before and after. Plaintiffs then calculated the resulting overtime compensation owed to each person when those hours for the week exceeded 40 under the FLSA and 48 under the MFLSA at a rate of 0.5x a person's regular rate of pay. The total overtime wage loss calculated for Plaintiffs was $127,740.50. After deducting attorneys' fees of $68,333.33, litigation costs of $1,778.45, an allocation of $4,000.00 for Named Plaintiff Omar Omar's workplace retaliation claim, and $1,500 service payments for each of the two Named Plaintiffs, a total of $127.888.22 is available to distribute to Plaintiffs to pay just over the full value of their overtime calculated. Each class member will receive a check for approximately 100% of their unpaid overtime. If the damages calculation resulted in a finding of no overtime hours worked, then that Plaintiff will receive zero dollars under the settlement.

**2. What Happens if I Cash My Settlement Check?**

If you cash the settlement check: (1) you will be consenting to join the action and settlement; (2) you will waive and release all federal and Minnesota state wage and hour law claims you have, or may have brought, against Defendants, from May 19, 2018 to June 20, 2019, including but not limited to: overtime, minimum wage, travel time, recordkeeping, hours of work, and any statutory liquidated damages and attorneys' fees and costs related to the claims released ("Released Claims"); (3) you will be bound by the terms and conditions of the settlement as to your Released Claims;

and (4) you will give up the right to sue the Defendants for your Released Claims. You must cash your settlement check **within 90 days of issuance** to participate in the settlement.

### 3. What Happens if I Do Not Cash My Settlement Check?

If you do not cash your settlement check you will not release any claims you may have against Defendants. This means that you keep any right to file or proceed with a lawsuit against Defendants. If you wish to start your own lawsuit against Defendants, you will have to represent yourself or hire and pay your own lawyer for that lawsuit and prove your own claims. If you choose to do so, you should talk to your own lawyer soon because your claims may be subject to a statute of limitations.

### 4. Do I Have A Lawyer Representing My Interests in This Case?

Yes. The following attorneys are Class Counsel:

Michele R. Fisher
Neil Pederson
Nichols Kaster, PLLP
4600 IDS Center, 80 South Eighth Street
Minneapolis, Minnesota 55402
Email: intake@nka.com
Phone: 1-877-448-0492
Fax: 612-215-6870
Case webpage: https://www.nka.com/cases-and-investigations/cases/employment-cases/nationwide-express-llc.html

### 5. Where Do I Get More Information?

If you want additional information or have questions, you may call or write Class Counsel at the address and telephone number listed above or visit the case webpage. The specific terms of the settlement have also been filed with the Court. You can look at and copy these documents at any time during regular office hours at Clerk of the Court, United States District Court, District of Minnesota, 300 South Fourth Street, Minneapolis, Minnesota 55415. If you have a Public Access to Court Electronic Records ("PACER") account, you may view the documents on the Court's Case Management/Electronic Court Filing website: www.pacer.gov.