UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

ABDULLAHI WARFA, and OMAR
OMAR, on behalf of themselves and all
others similarly situated, and on behalf of
the Minnesota Rule 23 Class,

Civ. No.: 0:18-cv-03103 (TNL)

Plaintiffs,

vs.

NATIONWIDE EXPRESS, LLC,

Defendants.

---

# ORDER GRANTING FINAL APPROVAL OF RULE 23 CLASS AND COLLECTIVE ACTION SETTLEMENT
_____

The parties consented to this Court's jurisdiction in accordance with 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure. (ECF No. 34.)

In the Court's order preliminarily approving the Settlement Agreement, the Court approved the parties' stipulation to certify the proposed class and collective action for settlement purposes. (Order 2–3, ECF No. 46.) The Court further appointed class counsel. (*Id.* 4.) Finally, the Court set deadlines for mailing notice and filing objections and requests for exclusion and scheduled a final approval hearing. (*Id.* 4–6.)

On January 13, 2020, the Court conducted a final approval hearing. Having reviewed the filings and arguments at the preliminary and final approval hearings; the Settlement Agreement and exhibits; and based on all other filings, records, and pleadings in this matter; **IT IS HEREBY ORDERED** as follows:

1. For the reasons stated in the preliminary approval Order, the Court makes final for the purposes of settlement the certification of the Minnesota Fair Labor Standards Act Rule 23 Class consisting of the following:

> All delivery drivers who performed services for Defendants through Nationwide Express, LLC at any time during the period of May 19, 2018 to March 13, 2019.

2. For the reasons stated in the preliminary approval Order, the Court makes final for the purposes of settlement, the certification of the Fair Labor Standards Act, collective action consisting of the following:

> All delivery drivers who performed services for Defendants through Nationwide Express, LLC at any time during the period of May 19, 2018 to March 13, 2019.

3. The Court recognizes there are 198 individuals in these settlement classes ("Class Members").

4. When the Court preliminarily approved the settlement, it approved the form and manner of sending the settlement notices to the Class Members. The Court finds that the parties administered the distribution of the settlement notices in the form and manner previously approved by the Court, and that the notice provided constitutes due and sufficient notice to all persons entitled to receive notice.

5. The Court finds that a full and fair opportunity has been afforded to Class Members to participate in the proceedings convened to determine whether the settlement should be given final approval. None of the Class Members objected to the settlement or requested to be excluded.

6. The Court affirms its findings from the preliminary approval Order that the settlement reached is fair, reasonable, and adequate. As a result of the $205,000.00 settlement reached here, Class Members will recover 100% of the estimated unpaid overtime wages after a deduction for attorneys' fees, costs, and class representative service payments. Further, the parties have made participation in the settlement easy. All Class Members will receive a settlement check. Only those who choose to participate in the settlement by cashing their check within 90 days of issuance will release their claims subject to the settlement. Those who do not cash their checks will not release any claims. This manner and method of settlement ensures as many Class Members as possible may participate in the settlement.

7. Class Counsel seeks an attorneys' fee award of $68,333.33 and Defendants do not oppose this request. Despite the lack of opposition, the Court has considered the request through the lens of the percentage-of-recovery and lodestar approaches. *See Netzel*

*v. West Shore Group, Inc.,* No. 16-cv-2552 (RHK/LIB), 2017 WL 1906955, at *8 (D. Minn. May 7, 2017). The award amounts to one-third of the total settlement amount and follows efficient effort on the part of Class Counsel to achieve a sizeable recovery for the Class Members. Class Counsel took a risk in litigating a case that might not result in their compensation and helped secure payment for employees who likely would not have found representation to pursue individual claims. The Court therefore finds the attorneys' fees requested to be fair and reasonable in light of the results obtained for the Class Members by Class Counsel. The attorneys at Nichols Kaster, PLLP's have considerable experience litigating wage and hour class and collective actions, and their informed opinion of the fairness of the settlement, provides further weight in support of approval.

8. The Court approves Class Counsel's request for reimbursement for litigation costs in the amount of $1,778.45 as reasonable.

9. The Court approves of the requested class representative service awards of $1,500.00 each for Abdullahi Warfa and Omar Omar as fair and reasonable for their effort and assistance with this case.

10. Consistent with the Settlement Agreement, the Court approves the following timeline for the resolution of this matter:

| **Deadline** | **Description** |
| --- | --- |
| 30 days from issuance of this Order | Defendants to deliver settlement checks to Class Counsel, who will promptly mail them to Class Members |
| 90 days from issuance of settlement checks | Expiration of settlement checks |
| 55 days from settlement check expiration | Parties to file stipulation for dismissal identifying who failed to timely cash checks for dismissal without prejudice and those who timely cashed their checks for dismissal with prejudice. |

11. Accompanying the settlement checks mailed to Class Members shall be the Notice of Settlement previously approved by the Court. (*See* ECF No. 45–2.)

12. Defendant shall print on the back of the checks "By cashing, I opt into Case 18-cv-03103 (D. Minn.) and release all federal and MN state wage and hour claims from 5/19/18-6/20/19."

3

13. Without affecting the finality of this Order, the Court retains exclusive and continuing jurisdiction over the litigation for purposes of supervising, implementing, interpreting and enforcing this Order and the Settlement Agreement.

**IT IS SO ORDERED.**

Date: _____  _____
                                       Tony N. Leung
                                       United States Magistrate Judge
                                       District of Minnesota